FILED by _____ D.C.
ELECTRONIC

Nov 28 2005

CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA. - MIAMI

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 05-10094 CIV-KING/GARBER

RUSSELL and LINDA ALLEN,
Owners of property located at 1227 Von Phister;
JEAN-CLAUDE ANNEN,
Owners of property located at 740 Windsor Lane;
PAUL and JANE ANTHANAS,
Owners of property located at 1410 Olivia;
JIM BERGER and DAN MARRIN,
Owners of property located at 1216 Watson St.;
JAMES R. BRUST and DANIEL A. MILLER,
Owner of property located at 1114 Varela St.;
CURTIS FERRAR,
Owners of property located at 624 Elizabeth St.;
SIDNEY and LILA DICKERMAN,
Owners of property located at 800 Fleming St. 3B;
SAM G. DICKSON and JANE F. GOODWIN,
Owner of property located at 522 Margaret St.,
NEAL FAVREAU,
Owner of property located at 817A White St.,
ROBERT and JANE GOBLE,
Owner of property located at 1318 Newton;
DR. BRUCE HARTWIG,
Owner of property located at 524 Frances St.;
PETER and MIMI HEIN,
Owners of property located at 511 Margaret St.;
RUTH KAYE,
Owner of property located at 723 Southard St.;
FRED and JOANNE KLEIN,
Owners of property located at 1400 Albury St.;
STEVEN and DOROTHY LEVINE;
Owners of property located at 620 Thomas St. #262;
ZAN and ROGER MIXTER,
Owners of property located at 810 Sawyer Lane;
ALAN and ANN MOTT,
Owners of property located at 401 Porter Ct.;
JANET PATYS,
Owner of property located at 310 William St.,
MICHAEL PELTIER,
Owner of property located at 617 Fleming St. #3;
FRED and SHARON REINEKE,
Owners of property located at 203-2 Southard St.;

RICHARD ROBINSON,
Owner of property located at 401 Frances St.;
STEVEN SCHANKER,
Owners of property located at 715 William St.;
HENRY SCHEFTER and INGRID KALVIK,
Owners of property located at 1003 B United St.;
MIKAEL STEWART and JENNIFER YELO,
Owners of property located at 5 Higgs Lane;
WALTER SZOT,
Owner of property located at 617 Fleming #7;
SANFORD THIGPEN and RICHARD DOOLEY,
Owner of property located at 1010 Elgin Lane;
TRADEWINDS VENTURE, INC.,
Owner of property located at 813 Sawyer Lane;
ALAN and SUSAN TRUMAN,
Owners of property located at 619 William St.;
and PROPERTY MANAGEMENT OF KEY WEST, INC./
NEIL E. HIRSCH, qualifying broker, as agent(s) of the
property located at 620 Thomas St., #199,

    Plaintiffs,

v.

CITY OF KEY WEST,

    Defendant.
_____/

## AMENDED COMPLAINT

Plaintiffs, RUSSELL ALLEN AND LINDA; JEAN-CLAUDE ANNEN; PAUL AND JANE ANTHANAS; JIM BERGER AND DAN MARRIN; JAMES R. BRUST AND DANIEL A. MILLER; CURTIS FERRAR; SIDNEY AND LILA DICKERMAN; SAM DICKSON; NEAL FAVREAU; ROBERT AND JANE GOBLE; DR. BRUCE HARTWIG; PETER AND MIMI HEIN; RUTH KAYE; FRED AND JOANNE KLEIN; STEVEN AND DOROTHY LEVINE; ZAN AND ROGER MIXTER; ALAN AND ANN MOTT; MICHAEL PELTIER; JANET PATYS; FRED AND SHARON REINEKE; RICHARD ROBINSON; STEVEN SCHANKER; HENRY AND INGRID KALVIK SCHEFTER; MIKAEL STEWART AND JENNIFER

2

YELO; WALTER SZOT; SANFORD THIGPEN AND RICHARD DOOLEY; TRADEWINDS VENTURE, INC.; ALAN AND SUSAN TRUMAN AND PROPERTY MANAGEMENT OF KEY WEST, INC./NEIL E. HIRSCH, sue Defendant, CITY OF KEY WEST and allege as follows:

1. This is an action for declaratory and injunctive relief and for damages.

2. Jurisdiction and venue lie within Monroe County, Florida, as that is where the properties at issue lie.

### THE PARTIES

3. The Plaintiffs are all owners of property located within the City of Key West, Florida.

4. RUSSELL and LINDA ALLEN are owners of property located at 1227 Von Phister, Key West, FL.

5. JEAN-CLAUDE ANNEN is the owner of property located at 740 Windsor Lane, Key West, FL.

6. PAUL and JANE ANTHANAS are owners of property located at 1410 Olivia St., Key West, FL.

7. JIM BERGER and DAN MARRIN are owners of property located at 1216 Watson St., Key West, FL.

8. JAMES R. BRUST and DANIEL A. MILLER are owners of property located at 1114 Varela St., Key West, FL.

9. SAM DICKSON and JANE F. GOODWIN is the owner of property located at 522 Margaret St., Key West, FL.

3

10. CURTIS FERRAR is the owner of property located at 624 Elizabeth St., Key West, FL.

11. SIDNEY and LILA DICKERMAN are owners of property located at 800 Fleming St. 3B, Key West, FL.

12. NEAL FAVREAU is the owner of property located at 817A White St., Key West, FL.

13. ROBERT and JANE GOBLE are the owners of property located at 1318 Newton, Key West, FL.

14. DR. BRUCE HARTWIG is the owner of property located at 524 Frances St., Key West, FL.

15. PETER and MIMI HEIN are owners of property located at 511 Margaret St., Key West, FL.

16. JAMES HETTINGER is the owner of property located at 900 Eisenhower Dr, Key West, FL.

17. RUTH KAYE is the owner of property located at 723 Southard St., Key West, FL.

18. FRED and JOANNE KLEIN are owners of property located at 1400 Albury St., Key West, FL.

19. STEVEN and DOROTHY LEVINE are owners of property located at 620 Thomas St., #262, Key West, FL.

20. ZAN and ROGER MIXTER are owners of property located at 810 Sawyer Lane, Key West, FL.

4

21. ALAN and ANN MOTT are owners of property located at 401 Porter Ct., Key West, FL.

22. JANET PATYS is the owner of property located at 310 William St., Key West, FL.

23. MICHAEL PELTIER is the owner of property located at 617 Fleming #3, Key West, FL.

24. FRED and SHARON REINEKE are owners of property located at 203-2 Southard St., Key West, FL.

25. RICHARD ROBINSON is the owner of property located at 401 Frances St., Key West, FL.

26. STEVEN SCHANKER is the owner of property located at 715 William St., Key West, FL.

27. HENRY SCHEFTER and INGRID KALVIK are owners of property located at 1003 B United St., Key West, FL.

28. MIKAEL STEWART and JENNIFER YELO are owners of property located at 5 Higgs Lane, Key West, FL.

29. WALTER SZOT is the owner of property located at 617 Fleming #7, Key West, FL.

30. SANFORD THIGPEN and RICHARD DOOLEY are the owners of property located at 1010 Elgin Lane, Key West, FL.

31. ALAN and SUSAN TRUMAN are owners of property located at 619 William St., Key West, FL.

32. TRADEWINDS VENTURE, INC., is the owner of property located at 813 Sawyer Lane, Key West, FL.

33. PROPERTY MANAGEMENT OF KEY WEST, INC./NEIL E. HIRSCH, is the qualifying broker and agent(s) of the property located at 620 Thomas St., #199, Key West, FL.

### FACTUAL ALLEGATIONS

34. Before July 1998, Plaintiffs' properties were subject to Key West Zoning Provisions, Sec. 35.07(14)(b) Special Definitions which provide:

> Transient housing is commercially operated housing primarily available to short term visitors for less than twenty-eight (28) days; transient housing includes hotels, motels, guest houses, and time shares....

35. The widespread interpretation of this definition by the Defendant City was that property owners who held a non-transient occupational license could engage in short term rentals less than 50% of the year. This became as known as the 50% or Principal Use Rule.

36. The Plaintiffs, or their predecessors in ownership, engaged in short term rentals in compliance with the 50% Rule during the time period before July 1998. In July 1998, the City revised its zoning code, which resulted in the deletion of the definition of "transient housing".

37. Under the City's new zoning code, Plaintiffs' properties were subject to Sec. 35.06-Non-conforming lots, non-conforming uses of land, Non-conforming structures, and non-conforming uses of structures and services which provided that:

> (6) Non-conforming uses of structures or of structures and premises in combination. If a lawful use involving individual structures with a replacement cost of one thousand dollars ($1,000.00) or more, or of structure and premises in combination, exists at the efffetive date of adoption or amendment of this article, that would not be allowed in the district under the terms of this article, the lawful use may be continued so long as it remains otherwise lawful, subject to the following provisions:

6

(a.) No existing structure devoted to a use not permitted by this article in the district in which it is located shall be enlarged, extended, constructed, reconstructed, moved or structurally altered except in changing the use of the structure to a use permitted in the district in which it is located;

(b.) Any non-conforming use may be extended throughout any parts of a building which were manifestly arranged or designed for such use at the time of adoption or amendment of this article, but no such use shall be extended to occupy any land outside such building;

(c.) If no structural alterations are made, any non-conforming use of a structure, or structure and premises, may be changed to another non-conforming use provided that the board of adjustment, either by general rule or by making findings in the specific case, shall find that the proposed use is equally appropriate or more appropriate to the district then the existing non-conforming use. In permitting such change, the board of adjustment may require appropriate conditions and safeguards in accord with the provisions of this article;

(d.) Any structure or structure, and land in combination, in or on which a non-conforming use is superseded by a permitted use, shall thereafter conform to the regulations of the district in which such structure is located, and the non-conforming use may not therefore be resumed;

(e.) When a non-conforming use of a structure, or structure and premises in combination, is discontinued or abandoned for six (6) consecutive months or for eighteen (18) months during any three-year period (except when government action impedes access to the premises), the structure, or structure and premises in combination, shall not thereafter be used except in conformance with the regulations of the district in which it is located;....

38. Therefore, at all times, the use of Plaintiffs' properties for short term rentals was a legal and proper use.

39. However, starting in July, 1998, the City took the position that it is not, and never was, lawful for owners of short term vacation rental properties to engage in short term rentals and disclaimed the validity of the 50% Rule.

40. One such property owner, Kathy Rollison, brought suit against the City requesting a declaration that the use of her property for short term rentals is in compliance with the 50% Rule and is a lawful non-conforming use under the City's ordinances.

7

41. On April 14, 2004, the Third District Court of Appeals ruled that the short term rental of Kathy Rollison's property was lawful before the 1998 zoning code changes and constitutes a non-conforming use under the existing zoning code. See, Rollison v. The City of Key West, 875 So. 2d 659 (Fla. 3rd DCA 2004). The non-conforming use as recognized in the Rollison decision became known as and will be referred to herein as the "Rollison Rule".

42. Plaintiffs are similarly situated to Kathy Rollison because before July, 1998, they held non-transient occupational licenses and they rented their properties on a short term basis for less than 26 weeks per year.

43. Under the Rollison Rule, it is currently a lawful, non-conforming use for Plaintiffs to engage in short term rentals of their properties.

44. Plaintiffs, through their undersigned counsel, have notified the City that they are similarly situated to the Rollisons and have requested acknowledgement of their right to rent their homes on a short term basis pursuant to their non-conforming use. The City has refused to acknowledge Plaintiffs' non-conforming use rights.

45. The City of Key West has not only refused to recognize Plaintiffs non-conforming use and legal right to engage in short term rentals but has threatened to prosecute owners who do and, in fact, has brought code enforcement proceedings against some of these Plaintiffs.

46. The City of Key West has initiated code enforcement proceedings against at least three of these Plaintiffs, even after being notified that Plaintiffs were similarly situated to the Rollisons and therefore are entitled to non-conforming use status.

47. As a direct and proximate result of the City's actions, the Plaintiffs' have been deprived of the quiet use and enjoyment of their properties and their legal right to engage in short term rentals since July, 1998, and have been denied equal protection of the laws.

8

## COUNT I
## DECLARATORY JUDGMENT

48. Plaintiffs reallege and incorporate herein the allegations contained in Paragraphs 1 through 45 as if fully set forth herein.

49. Pursuant to Florida's Declaratory Judgment Act, Plaintiffs are entitled to a declaration of their rights that the use of their properties for short term rentals is in compliance with the 50% Rule as recognized by the City and adopted in Rollison v. The City of Key West. Plaintiffs seek a determination that the use of their property for short term rentals is a lawful, non-conforming use.

## COUNT II
## INJUNCTIVE RELIEF

50. Plaintiffs reallege and incorporate herein the allegations contained in Paragraphs 1 through 45 as if fully set forth herein.

51. Plaintiffs' are entitled to temporary and permanent injunctive relief enjoining the City from taking any action designed or likely to frustrate their short term rental rights under the Rollison Rule. This includes code enforcement action, harassment of the owners and their guests, and any other actions which are intended to deprive or diminish Plaintiffs full and complete use and enjoyment of their property.

52. Plaintiffs are entitled to temporary and permanent injunctive relief enjoining the City from engaging in any form of enforcement action against them unless the City has first obtained evidence that the property owner has non complied with the Rollison Rule. Plaintiffs request that the City also be enjoined from pursuing enforcement of any action upon submission of evidence that the property owner is in compliance with the Rollison Rule.

9

## COUNT III
## DAMAGES

53. Plaintiffs reallege and incorporate herein the allegations contained in Paragraphs 1 through 44 as if fully set forth herein.

54. Plaintiffs are entitled to compensatory damages in the amount of their lost rental income from July, 1998 until such time the Plaintiffs can freely and without threat of prosecution rent their properties on a short term basis.

55. Plaintiffs are entitled to attorneys' fees and costs incurred in defending their legal right to engage in short term rentals.

## COUNT IV
## VIOLATION OF 42 U.S.C. § 1983

56. Plaintiffs reallege and incorporate herein the allegations contained in Paragraphs 1 through 45 as if fully set forth herein.

57. The 14th Amendment of the United States Constitution prohibits a state from denying any person equal protection of the laws and guarantees that similarly situated individuals must receive equal treatment from the government.

58. As alleged above, Plaintiffs are similarly situated to the Rollisons and, like the Rollisons, have legal non-conforming uses and may therefore rent their properties on a short term basis.

59. The City of Key West has refused to acknowledge Plaintiffs' rights, has directly and indirectly instructed Plaintiffs that they are not allowed to rent on a short term basis despite the Rollison Rule, has initiated code enforcement proceedings against certain Plaintiffs and have harassed Plaintiffs and their guests.

60. In doing so, the City of Key West has, acting under color of state law and pursuant to an established governmental policy, denied Plaintiffs their constitutional right to equal protection of the law for no legitimate or rational reason.

61. As a result of the City of Key West's conduct, Plaintiffs' have sustained emotional and economic injury.

62. Plaintiffs are therefore entitled to monetary damages and attorneys' fees under 42 U.S.C. § 1983 and 42 U.S.C. § 1988 for their loss.

**WHEREFORE**, Plaintiffs request that the Court enter a Judgment:

a. Declaring that the use of Plaintiffs' properties for short term rentals is in compliance with the 50% Rule as adopted in <u>Rollison v. The City of Key West</u> and is a lawful, non-conforming use;

b. Enjoining the City from taking any action designed or likely to frustrate Plaintiffs' short term rental rights under the Rollison Rule;

c. Enjoining the City from engaging in any form of enforcement action against them unless the City has first obtained evidence that the property owner has not complied with the Rollison Rule, and enjoining the City from pursuing enforcement of any action upon submission of evidence that the property owner is in compliance with the Rollison Rule;

d. Enjoining the City from all harassment activity directed against Plaintiffs or their guests;

e. Requiring the City to compensate Plaintiffs for their lost rental income for each year since July 6, 1998 until such time that Plaintiffs can freely and without threat of prosecution recommence short term rentals;

11

    f.     Awarding Plaintiffs' monetary damages and attorneys' fees under 42 U.S.C. § 1983 and 42 U.S.C. § 1988;

    g.     Requiring the City to pay Plaintiffs' reasonable costs and attorneys' fees; and

    h.     Granting such other relief as the Court deems just and proper.

**WHEREFORE**, Pursuant to the Federal Rules of Civil Procedure, Plaintiffs hereby demand a trial by jury on all issues triable by jury.

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the forgoing has been furnished via United States Mail to Michael T. Burke, Esq., Counsel for Defendant, JOHNSON, ANSELMO, MURDOCH, BURKE, PIPER & McDUFF, P.A., 2455 E. Sunrise Blvd., 10th Floor, Ft. Lauderdale, FL 33304 this 28th day of November, 2005 and Victoria McFadyen, Counsel for Jack and Margaret Leonard, 300 Southard St., Suite 106, Key West, FL 33040.

_____
Jeffrey M. Bell, Esq
Florida Bar No.: 374539
BELL & MELAMED, LLC
4901 N.W. 17th Way, Suite 302
Fort Lauderdale, Florida 33309
Telephone: 954-489-2331
Facsimile: 954-489-2332

-and-

R. Bruce Wallace, Esq.
Horan & Wallace, LLP
Florida Bar No.: 185051
608 Whitehead St.
Key West, FL 33040